IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

FABIAN EDDY GRAY, et al.,                )
                                         )
          Plaintiffs,                    )
                                         )
v.                                       )        Case No. CIV-24-268-PRW
                                         )
NICHOLAS MILLS, et al.,                  )
                                         )
          Defendants.                    )

## ORDER

Before the Court are Defendant Patrick Mays' Motion to Dismiss (Dkt. 25); Plaintiffs' Response in Opposition (Dkt. 26); and Defendant's Reply (Dkt. 29). Upon review, the Court **DENIES** the Motion to Dismiss (Dkt. 25).

## *Background*

This case arises from the death of Plaintiffs' son following an officer's alleged use of excessive force during a high-speed car chase. On August 15, 2022, Ethan Isaiah Mestas was one of two passengers in a stolen vehicle driven by Alex Carpenter. Around 9:00 p.m., Oklahoma Highway Patrol trooper Nicholas Mills ("Trooper Mills") allegedly observed the vehicle with a broken light and witnessed Carpenter fail to use his turn signal. In response, Trooper Mills activated his lights and initiated a traffic stop. The vehicle refused to yield and sped off while the occupants threw items out of the windows.

Trooper Mills pursued Carpenter's fleeing vehicle. During the chase Carpenter's vehicle reached speeds more than 80 miles per hour. The high-speed pursuit ended after Trooper Mills performed a tactical vehicle intervention ("TVI"), commonly known as a pit

1

maneuver, on the car. Per the Complaint, Trooper Mills "chose to initiate a use of deadly force for an equipment violation, stolen vehicle, littering and fleeing pursuit."[1] The TVI resulted in Carpenter's vehicle rolling over and ejecting the two passengers, Mestas and Mercedes Martinez. Both Mestas and Martinez died from their injuries.

On March 12, 2024, the parents of Mestas, Fabian Eddy Gray and Adelma Mestas, initiated this lawsuit against Trooper Mills and Oklahoma Highway Patrol Chief Colonel Patrick Mays ("Chief Mays"), on their son's behalf. With respect to Chief Mays, Plaintiffs allege that, while acting as Oklahoma Highway Patrol's final decision maker, Chief Mays "continued to train, instruct, supervise and approve high speed tactical vehicle interventions despite specific knowledge that these were the moving forces behind excessive forces that resulted in death."[2] Accordingly, Plaintiffs raise claims under 42 U.S.C. § 1983, the Oklahoma Governmental Tort Claims Act, and the Oklahoma Constitution.

Chief Mays initially moved to dismiss for failure to state a claim in April 2024. The Court granted that Motion to Dismiss (Dkt. 13) in part, dismissing Plaintiffs' individual-capacity claims against him. Chief Mays now seeks dismissal of the remaining official-capacity claims against him pursuant to Federal Rule of Civil Procedure 12(c).

---

[1] Compl. (Dkt. 1) ¶ 20.

[2] *Id.* ¶ 30.

2

### *Legal Standard*

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." In the Tenth Circuit, "[a] motion for judgment on the pleadings under Rule 12(c) is treated as a motion to dismiss under Rule 12(b)(6)."[3] Accordingly, the Court "accepts as true all well-pleaded factual allegations in the complaint, 'resolve[s] all reasonable inferences in the plaintiff's favor, and ask[s] whether it is plausible that the plaintiff is entitled to relief.'"[4] "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"[5]

However, unlike with a motion to dismiss, in ruling on a motion for judgment on the pleadings, the Court may, as the name suggests, consider the answer to the complaint.[6] As Wright and Miller explain:

> As numerous judicial opinions make clear, a Rule 12(c) motion is designed to provide a means of disposing of cases when the material facts are not in

---

[3] *Zevallos v. Allstate Prop. & Cas. Co.*, 776 F. App'x 559, 561 n.1 (10th Cir. 2019) (quoting *Atl. Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1160 (10th Cir. 2000)).

[4] *Woodie v. Berkshire Hathaway Homestate Ins. Co.*, 806 F. App'x 658, 666 (10th Cir. 2020) (quoting *Diversey v. Schmidly*, 738 F.3d 1196, 1199 (10th Cir. 2013) and citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)))).

[5] *Id.* (quoting *Iqbal*, 556 U.S. at 678).

[6] *See Park Univ. Enterprises, Inc. v. Am. Cas. Co. of Reading, PA*, 442 F.3d 1239, 1244 (10th Cir. 2006), *abrogated on other grounds by Magnus, Inc. v. Diamond State Ins. Co.*, 545 F. App'x 750 (10th Cir. 2013).

dispute between the parties and a judgment on the merits can be achieved by focusing on the content of the competing pleadings, exhibits thereto, matters incorporated by reference in the pleadings, whatever is central or integral to the claim for relief or defense, and any facts of which the district court will take judicial notice. The motion for a judgment on the pleadings only has utility when all material allegations of fact are admitted or not controverted in the pleadings and only questions of law remain to be decided by the district court.[7]

### *Discussion*

## I.    Section 1983 and *Ex parte Young*

Chief Mays argues that "[t]o the extent Plaintiffs believe they may have any federal claims against Mays in his *official capacity* pursuant to 42 U.S.C. § 1983, all those claims must be dismissed" because the Eleventh Amendment bars the suit and the *Ex parte Young* exception does not apply.[8]

The Eleventh Amendment prohibits federal courts from hearing claims against a state, unless the state consents to the suit or Congress abrogates the state's immunity for it.[9] No one claims that Oklahoma has consented to Plaintiff's federal claims. And § 1983 does not abrogate Oklahoma's sovereign immunity.[10] However, under *Ex parte Young*, "a plaintiff may bring suit against individual state officers acting in their official capacities if the complaint alleges an ongoing violation of federal law and the plaintiff seeks prospective

---

[7] 5C Wright & Miller, Federal Practice and Procedure: Civil 3d § 1367 (footnotes omitted).

[8] Mot. (Dkt. 25), at 4 (emphasis in the original).

[9] *Sossamon v. Texas*, 563 U.S. 277, 284 (2011); *Fitzpatrick v. Bitzer*, 427 U.S. 445, 456 (1976).

[10] *Callahan v. Poppell*, 471 F.3d 1155, 1159 (10th Cir. 2006).

relief."[11] Plaintiffs thus cannot rely on § 1983 or *Ex parte Young* to maintain a claim against Chief Mays in his official capacity for monetary damages without offending the Eleventh Amendment.[12]

Plaintiffs argue that they do indeed seek the necessary prospective relief against Chief Mays. While Plaintiffs describe factual allegations that may *support* prospective injunctive or declaratory relief, Plaintiffs do not point to where in the Complaint they actually request such relief. In fact, the "Request for Relief" portion of the Complaint states only the following:

1.   Actual and compensatory damages to make Plaintiffs whole;
2.   Punitive damages against the Defendants sufficient to punish them and deter future wrongdoing;
3.   Attorney fees, litigation expenses, costs, pre- and post-judgment interest, as provided by law and;
4.   Such other relief as the Court deems just and proper.[13]

And nowhere else in the Complaint do Plaintiffs explicitly ask for any form of prospective relief. Regardless, in the Court's previous Order, the Court already concluded that "Plaintiffs seek only monetary damages" and therefore "only seek relief against Mays in his individual capacity."[14] In that same Order, the Court dismissed all of Plaintiffs' § 1983 claims against Chief Mays.[15] It's unclear why Chief Mays attempts to rehash his official-

---

[11] *Williams v. Utah Dep't of Corr.*, 928 F.3d 1209, 1214 (10th Cir. 2019) (citing *Ex parte Young*, 209 U.S. 123 (1908)).

[12] *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

[13] Compl. (Dkt. 1), at 11.

[14] Order (Dkt. 13), at 5.

[15] *Id.* at 13.

capacity arguments at this juncture when the Court has already ruled in his favor. There are no official-capacity claims to dismiss.

## II.    Oklahoma State Law Claims

Chief Mays also argues that the Court must dismiss any remaining state-law claims against him in his official capacity because the Eleventh Amendment "prevents federal courts from exercising jurisdiction [over] any state law claims."[16] Although Chief Mays is generally correct that the Eleventh Amendment bars many state-law claims against a state in federal court, his argument overlooks Plaintiffs' reliance on the Oklahoma Governmental Tort Claims Act, which waives Oklahoma's sovereign immunity for certain tort claims.[17] And Chief Mays does not explain why the Act's waiver of sovereign immunity would not apply in this case.

Indeed, this Motion's discussion on Plaintiffs' state-law claims suffers from the same issues the Court identified with the previous Motion to Dismiss (Dkt. 7). As stated in the Court's previous Order, Chiefs Mays does not sufficiently comply with Federal Rule of Civil Procedure 7(b)(1), which requires him to "state with particularity the grounds for seeking the order" as to Plaintiffs' state-law claims.[18] Chief Mays has again failed to sufficiently explain why this Court should dismiss the state-law claims against him.

---

[16] Mot. to Dismiss (Dkt. 25), at 5.

[17] *See* 51 O.S. § 152.1.

[18] *See* Order (Dkt. 13), at 13.

*Conclusion*

Accordingly, the Court **DENIES** his Motion to Dismiss (Dkt. 25).

**IT IS SO ORDERED** this 6th day of July 2026.

_____

PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE